UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ZAKKAWANDA MOSS,                )
                                )
        Plaintiff,               )
                                )
VS.                              )       No. 1:18-cv-1073-JDT-cgc
                                )
GRADY PERRY, ET AL.,            )
                                )
        Defendants.              )

ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On April 23, 2018, Plaintiff Zakkawanda Moss, who is presently incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1.) Moss's complaint addresses events that allegedly occurred while Moss previously was confined at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. (*Id.* at PageID 3.) After Moss complied with the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), the Court issued an order on May 4, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the PLRA. (ECF No. 5). The Clerk shall record the Defendants as Grady Perry, the former Warden of the HCCF; B. Ponds, Chief of Security; C. Patton; D. Yeager, TDOC Liaison; D. Robertson, Unit Manager; N. Martin,

Corrections Officer (C/O); Kelsey Gates, Internal Affairs; and Lieutenant First Name Unknown (FNU) Topper.

Moss alleges that on March 22, 2018, Defendant Gates "detained" him and four other inmates in a cell to videotape them answering questions about an alleged fight. (ECF No. 1 at PageID 5.) Inmate D. Prescott said that he had been assaulted, and the inmates were subsequently arrested and placed into segregation. (*Id.*) About a week later, Moss received a disciplinary write-up for fighting with Prescott, and C/O Martin and a sergeant arrived to move him to a different cell where Prescott was located. (*Id.* at PageID 5-6.) When Moss arrived there, C/O Martin removed Moss's handcuffs, and he and Prescott began to fight. (*Id.* at PageID 6.) Moss alleges he injured his hand in the fight, after which he and Prescott were "sprayed with mase [sic] and taken to medical." (*Id.*)

Moss requested treatment for his injured hand, and eventually a nurse came to examine his hands and noted they were swollen. (*Id.*) Unnamed officers later allegedly complained that inmates "were turning in paperwork" and stated that they "would like to see to it that that shit stopped." (*Id.*) After hearing those comments, Moss refused to go with officers who arrived at his cell to take him to medical. (*Id.*) Moss later complained to Chief Ponds about his disciplinary report for his fight with Prescott. (*Id.*) Chief Ponds said he would "make it go away." (*Id.* at PageID 7.)

At a hearing on the disciplinary report, the hearing officer (who Moss has not named as a Defendant) asked Moss if he wanted to waive his right to call witnesses, to which Moss replied "No." (*Id.*) The hearing officer did not allow into evidence a statement by Prescott about who he was fighting but marked on a sheet that Moss both did and did not waive his

right to call witnesses. (*Id.*) The hearing officer did allow into evidence Defendant Robertson's statement that she did not see a fight but saw camera footage showing Prescott and Moss entering a cell together and presumed they were fighting. (*Id.*) Robertson also testified that she did not know whether Moss or Prescott was in a gang. (*Id.* at PageID 8.) Moss alleges that he was found guilty of fighting as a result of Robertson's testimony. (*Id.* at PageID 7-8.) Moss alleges that Liaison Yeager "was present" at the hearing and allegedly failed to note that Moss and Prescott were incompatible to be housed together. (*Id.* at PageID 8-9.)

After the hearing, Moss was released from segregation and placed in D-pod. (*Id.* at PageID 8.) Prescott, who was housed in a neighboring cell, allegedly threatened Moss to leave D-pod. (*Id.*) Moss alleges that, "shortly after" the exchange, he and Prescott "both stabbed one another." (*Id.*) Lieutenant Topper later informed Moss that Chief Ponds was able to "pull some strings" and have Moss's disciplinary report dismissed. (*Id.*) Topper also told Moss that his shoes had been thrown away after he and Prescott stabbed one another but allegedly refused to fill out paperwork to allow Moss to obtain a new pair. (*Id.* at PageID 9.)

Moss seeks removal of the write-ups from his disciplinary file, an order that HCCF "put in place something to keep things like this from happening," and unspecified financial compensation. (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for

failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Moss filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Moss intends to sue the Defendants in their official capacities, his claims are against CoreCivic, which manages HCCF.[1] "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing

---

[1] *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html.

*Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against CoreCivic, Moss "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Moss, however, has not alleged that a policy or custom of CoreCivic was the "moving force" behind the alleged violation of his constitutional rights. He therefore fails to state a claim against CoreCivic or any Defendant in his or her official capacity.

Moss's complaint contains no allegations against Defendants Perry or Patton. His only allegation against Defendant Martin is that he was one of two officers who escorted Moss to another cell after the initial fight with Prescott. When a complaint fails to allege any action wrongdoing by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The gravamen of Moss's complaint involves the disciplinary charges and hearing. He alleges that Defendant Robertson's testimony is the reason he was found guilty of the charge and that it should not have been allowed at the hearing. Prison disciplinary hearings trigger due process rights when they may result in the forfeiture of good-time credits. *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). In that case, the prisoner is entitled to advance written notice of the charges, the opportunity to "call witnesses and present documentary

evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," and "a written statement of . . . the evidence relied upon and the reasons for the disciplinary action taken. *Id.* at 563-66.

Prison disciplinary hearings, however, "are not criminal proceedings" and do not confer on the prisoner the same rights conferred onto a defendant. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Wolff*, 418 U.S. at 556. For example, the conclusion of a disciplinary hearing that results in the loss of good time need be supported by only "some evidence in the record." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). An inmate has no right not to be charged with or convicted of prison disciplinary offenses, *see Wolff*, 418 U.S. at 564-71, or to be free from segregation, *see Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).

Moss does not state a due process claim related to his disciplinary hearing. He does not allege that he was at risk of losing good-time credits as a result of the hearing; therefore, he was not entitled to any due process protections. *See Vick v. Core Civic*, 329 F. Supp. 3d 426, 455 (M.D. Tenn. 2018) (citing *Sandin*, 515 U.S. at 484, 486-87). Even if he was, he does not allege that he was denied adequate notice, prohibited from calling witnesses or presenting documents in his defense, or denied reasons for the disciplinary action.[2] Furthermore, Moss asserts no basis for concluding that Defendant Robertson's testimony

---

[2] Though Moss alleges the hearing officer incorrectly documented that he had (and had not) waived his right to call witnesses, he does not allege that he actually had any witnesses he wished to call at the hearing or that the misdocumentation affected the outcome of the hearing. *See Vick*, 329 F. Supp. 3d at 455.

7

should not have been allowed at his disciplinary hearing. He also alleges that Chief Ponds apparently had the disciplinary charges dismissed. Moss suggests he wishes to challenge "the misconduct of staff" related to the charges. (ECF No. 1 at PageID 9.) Moss, however, does not specify who those staff members are or what their alleged misconduct was. In any event, Moss has no due process right to be free of false disciplinary charges. *See Upshaw v. Jones*, No. 14-2534-JDT-TMP, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015) (citing *Person v. Campbell*, 182 F.3d 918, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) (unpublished)). Moss, therefore, fails to state a claim related to his disciplinary charges or hearing.

Moss alleges that Defendant Gates videotaped Moss and four other inmates discussing whether they were fighting. However, he does not state the basis for a constitutional violation from merely being videotaped during that conversation. If Moss intends this allegation to be part of his procedural due process claim, he still has no claim. Even if he was facing the loss of good time with regard to the disciplinary charge, Moss does not allege that the tape contained exculpatory evidence and that he requested and was denied access to the tape at his disciplinary hearing.

Moss also alleges that Defendant Yeager failed to note in Moss's file that he and inmate Prescott were incompatible to be housed together. Moss does not allege that Yeager intentionally omitted the incompatibility note in Moss's file, an allegation which could raise a claim of deliberate indifference under the Eighth Amendment. *See Hugueley v. Haslam*, No. 3:16-CV-02885, 2017 WL 194288, at *5 (M.D. Tenn. Jan. 18, 2017). His

8

allegation at most asserts a violation of TDOC policy,[3] which does not rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007).

Moss alleges that Lieutenant Topper refused to fill out paperwork to allow Moss to get a replacement pair of shoes. He does not specify how long he went without shoes, that the shoes were medically necessary, or that he suffered any injury from not having shoes. At most, his allegations suggest Defendant Topper was negligent in not allowing Moss to receive another pair of shoes. That allegation does not state a claim under § 1983. *See Kinard v. May*, 885 F.2d 871, 1989 WL 109444, at *1 (6th Cir. Sept. 22, 1989) (unpublished) (affirming dismissal of inmate's frivolous suit alleging, at most, that defendants were negligent in not supplying him with another pair of shoes).

To the extent Moss seeks injunctive relief, his claim is moot because he is no longer at HCCF. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

For all of the foregoing reasons, Moss's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per

---

[3] *See* TDOC Administrative Policies and Procedures, Index #404.09, *available at* https://www.tn.gov/content/dam/tn/correction/documents/404-09.pdf.

curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Moss's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Moss in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Moss would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Moss nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d

at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Moss is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Moss, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                    s/ **James D. Todd**
                                    JAMES D. TODD
                                    UNITED STATES DISTRICT JUDGE